# EXHIBIT B

# Douglas County Case Number 2021CV000115 Cheryl Shockley vs. KMD Wisconsin LLC et al

## Case summary

| Filing date | Case type | Case status |
|---|---|---|
| 05-17-2021 | Civil | Open - Electronic filing |

| Class code description | Responsible official | Branch ID |
|---|---|---|
| Money Judgment | Thimm, Kelly J | 1 |

### Party summary

| Party type | Party name | Party status |
|---|---|---|
| Plaintiff | Shockley, Cheryl | |
| Defendant | KMD Wisconsin LLC | |
| Defendant | Clarity Services, Inc. | |

## Parties

### Plaintiff: Shockley, Cheryl

| Date of birth | Sex | Race |
|---|---|---|
| | | |

**Address (last updated 05-19-2021)**
6604 East Webb Road, South Range, WI 54874 US

#### Attorneys

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Crandall, Eric Leighton | No | 05-19-2021 |

### Defendant: KMD Wisconsin LLC

| Date of birth | Sex | Race |
|---|---|---|
| | | |

**Address (last updated 05-19-2021)**
222 South Riverside Plaza, Suite 2200, Chicago, IL 60606 US

#### Attorneys

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Newman, Patrick Daniel | No | 06-22-2021 |

#### Also known as

| Name | Type | Date of birth |
|---|---|---|
| Credit Ninja | Doing business as | |

**Defendant: Clarity Services, Inc.**

| Date of birth | Sex | Race |
|---|---|---|

**Address (last updated 05-19-2021)**
PO Box 5717, Clearwater, FL 33758 US

---

## Court record

| Date | Event | Court official | Court reporter | Amount |
|---|---|---|---|---|
| 06-25-2021 | Order | Thimm, Kelly J | | |

**Additional text:**

Order extending time to respond

| Date | Event | Court official | Court reporter | Amount |
|---|---|---|---|---|
| 06-22-2021 | Proposed Order | | | |
| 06-22-2021 | Stipulation | | | |

**Additional text:**

Stipulation for extension of time

| Date | Event | Court official | Court reporter | Amount |
|---|---|---|---|---|
| 06-22-2021 | Notice of retainer | | | |
| 06-22-2021 | Electronic Notice Update | | | |
| 06-22-2021 | eFiled Document Fee Paid | | | $20.00 |

**Additional text:**

Adjustment Number: 21A 129524,
Payable Number: 139384,
Receipt Number: 21R 010684,
Amount: $20.00

| Date | Event | Court official | Court reporter | Amount |
|---|---|---|---|---|
| 06-07-2021 | Affidavit of service | | | |

**Additional text:**

Affidavit of June 3, 2021 service

| Date | Event | Court official | Court reporter | Amount |
|---|---|---|---|---|
| 05-17-2021 | Petition and Order for Waiver of Fees Granted | Lovejoy, Rebecca | | |
| 05-17-2021 | Case initiated by electronic filing | | | |
| 05-17-2021 | Summons and complaint | | | |

**RASi REGISTERED AGENT SOLUTIONS INC**

**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
1701 Directors Blvd.
Suite 300
Austin, TX 78744

Phone: (888) 705-RASi (7274)

# SERVICE OF PROCESS RECEIPT

2021-06-03

Stephen Schaller
**KMD WISCONSIN, LLC**
222 South Riverside Plaza
Suite 2200
Chicago, IL 60606 USA

**NOTICE OF CONFIDENTIALITY**
This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE:  KMD WISCONSIN, LLC**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review.  A summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.
For additional information and instruction, contact the document issuer:  CRANDALL LAW FIRM, SC

**SERVICE INFORMATION**

| | |
|---|---|
| Service Date: | 2021-06-03 |
| Service Time: | 2:49 PM CDT |
| Service Method: | Process Server |

**RASi REFERENCE INFORMATION**

| | |
|---|---|
| Service No.: | 0175487 |
| RASi Office: | Wisconsin |
| Rec. Int. Id.: | EMR |

**CASE INFORMATION**

| | |
|---|---|
| Case Number: | 2021CV000115 |
| File Date: | 05/17/2021 |
| Jurisdiction: | DOUGLAS COUNTY CIRCUIT COURT, WISCONSIN |
| Case Title: | CHERYL SHOCKLEY VS. KMD WISCONSIN, LLC, ET AL. |

**ANSWER / APPEARANCE INFORMATION**

20 days      *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**

| | |
|---|---|
| Firm/Issuing Agent: | CRANDALL LAW FIRM, SC |
| Attorney/Contact: | ERIC L. CRANDALL |
| Location: | Wisconsin |
| Telephone No.: | 715-243-9996 |

**DOCUMENT(S) RECEIVED & ATTACHED**

Complaint
Summons
Notice: OF ELECTRONIC FILING
Demand for Jury Trial

**ADDITIONAL NOTES**

**Questions or Comments...** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission.  The transmitted documents have also been uploaded to your Corpliance account.  RASi offers additional methods of notification including Telephone Notification and FedEx Delivery.  If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

**FILED**
**05-17-2021**
**Clerk of Court**
**Douglas County, WI**
**2021CV000115**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **COUNTY OF DOUGLAS**

---

Cheryl Shockley,                                    Case No. 2021-CV-_____

       Plaintiff,

vs.

KMD Wisconsin, LLC,
  d/b/a Credit Ninja, and
Clarity Services, Inc.,

      Defendants.

SENT FOR STATE PROCESS SERVICE
ime of Service
Date of Service  6/3/21
Served upo

[ ] Personal Service   [ ] Substitute personal service
[ ] Corporate Service   [ ] Posting

---

**SUMMONS**

---

### THE STATE OF WISCONSIN
### TO EACH PERSON OR ENTITY NAMED ABOVE AS A DEFENDANT

You are hereby notified that the Plaintiff named above have filed a lawsuit or other legal action against you.  The complaint, which is attached, states the nature and basis of the legal action.

Within **twenty (20) days** of receiving this summons, you must respond with a written answer to the complaint, as the term is used in chapter 802 of the Wisconsin Statutes.  The court may reject or disregard an answer that does not follow the requirements of the statutes.  The answer must be electronically filed, or sent or delivered to the court, whose address is

Clerk of Circuit Court,
Douglas County Courthouse,
1313 Belknap Street,
Superior, Wisconsin 54880,

–1–

and a copy sent or delivered to Plaintiff's attorney, whose address is

Eric L. Crandall, Esq.,
Crandall Law Firm, SC,
421 West Second Street,
PO Box 27,
New Richmond, WI 54017

You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

DATED: May 17, 2021                      Electronically signed by Eric Crandall
                                         Eric L. Crandall, Esq.
                                         **CRANDALL LAW FIRM, SC**
                                         421 West Second Street
                                         PO Box 27
                                         New Richmond, WI 54017
                                         715-243-9996 (p)
                                         WisconsinConsumerLaw@frontier.com
                                         Wis. Attorney Lic. No. 1001833

                                         **ATTORNEY FOR PLAINTIFF**

FILED
05-17-2021
Clerk of Court
Douglas County, WI
2021CV000115

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **COUNTY OF DOUGLAS**

Cheryl Shockley,                                          Case No. 2021-CV-_____

        Plaintiff,

vs.

KMD Wisconsin, LLC,
  d/b/a Credit Ninja, and
Clarity Services, Inc.,

        Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I. INTRODUCTION

1.     This is an action brought by Cheryl Shockley ("Shockley") seeking redress for violations of the Wisconsin Consumer Act ("Consumer Act" or "WCA") committed by KMD Wisconsin, LLC, d/b/a Credit Ninja ("Credit Ninja"). Shockley also seeks redress for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ( "FCRA"), and Wisconsin's Privacy statute, Wis. Stat. § 995.50, committed by both Credit Ninja, and by Clarity Services, Inc. ("Clarity"). Shockley seeks recovery of actual, statutory and punitive damages, her reasonably incurred costs and attorney fees, as well as declaratory and injunctive relief.

### II. JURISDICTION

2.     Jurisdiction of this court arises under Wis. Stat. § 421.201-203 (WCA jurisdiction) and Wis. Stat. § 801.04 (general), as well as 15 U.S.C. §1681p (FCRA).

3.     Venue is appropriate under Wis. Stat. § 421.401 (WCA venue) and Wis. Stat. § 801.50 (venue).

## III.  PARTIES

**Cheryl Shockley**

4.      Plaintiff Cheryl Shockley is an individual residing in Douglas County, Wisconsin.

5.      While Shockley is of normal intelligence, she lacks advanced sophistication in the specific

businesses of payday lending and credit reporting.

6.      Shockley was and is a  "consumer" or "customer" as defined by Wis. Stat. § 421.301(17).

7.      Shockley was and is a  "consumer"  as defined by 15 U.S.C. § 1681a( c ).

8.      Shockley was and is a  "person" as defined by Wis. Stat. § 990.01(26).

9.      Shockley was and is a  "person" as that term is used in Wis. Stat. § 995.50, and is further

entitled to the protections and remedies of Wis. Stat. § 995.50.

**Credit Ninja**

10.     Defendant Credit Ninja, is a foreign company engaged in arranging or brokering consumer

loans and transactions made at high interest, and receiving payment for arranging or

brokering those loans and transactions.

11.     Credit Ninja is a sophisticated business, operating throughout Wisconsin.

12.     Credit Ninja is licensed to conduct business in Wisconsin.

13.     Credit Ninja is licensed to make loans to Wisconsin consumers, after January 1, 2021, but

was not licensed to make loans to Wisconsin consumers before that date.

14.     Credit Ninja was and is a "merchant" as defined by Wis. Stat. § 421.301(25).

15.     Credit Ninja is a "person" as defined by Wis. Stat. § 990.01.

16.     Credit Ninja is also a "person" as that term is used in Wis. Stat. § 995.50, and is burdened

by and subject to the remedies of  Wis. Stat. § 995.50.

– 4 –

17.     Per the "Terms of Use" section of its website, Credit Ninja acknowledges that it regularly arranges or obtains consumer loans for those who apply for credit, and receives compensation for doing so.

18.     Credit Ninja regularly arranges or obtains consumer loans for Wisconsin consumers made at high interest, and was and is a credit services organization ("CSO") as defined by Wis. Stat. § 425.501(2).

19.     Credit Ninja is **not** registered to act as a CSO in Wisconsin, and is neither registered nor authorized to perform the duties of a CSO in Wisconsin, as required by Wis. Stat. § 425.502.

20.     Credit Ninja is liable for the acts of its employees, agents, and independent contractors under theories of respondeat superior, agency, and vicarious liability.

21.     As a business conducting its affairs within the United States generally, and Wisconsin specifically, Credit Ninja is deemed to know what is lawful and what is unlawful under US and Wisconsin law. *Barlow v. United* States, 8 L. Ed. 728 (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985)("all citizens are presumptively charged with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d 447, 458 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

**Clarity**

22.     Clarity is a corporation incorporated under the laws of the state of Delaware.

23.     Clarity is a sophisticated business, operating throughout Wisconsin.

24.     Clarity is a "person" as defined by Wis. Stat. § 990.01.

25.    Clarity is also a "person" as that term is used in Wis. Stat. § 995.50, and is burdened by and subject to the remedies of Wis. Stat. § 995.50.

26.    Clarity is a "consumer reporting agency" under the FCRA.

27.    Clarity maintains consumer reports on thousands of Wisconsin residents, and sells those reports to various third persons, including Credit Ninja.

28.    Clarity is a consumer reporting agency as defined by §1681a(f) of the Act, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers credit, to third parties.

29.    Clarity is a specialty nationwide consumer reporting agency as defined by §1681a (x) of the Act.

30.    Clarity is NOT a nationwide consumer reporting agency as defined by §1681a (p) of the Act.

31.    Clarity dispenses such consumer reports to third parties under contract for monetary compensation.

32.    Clarity is liable for the acts of its employees, agents, and independent contractors under theories of respondeat superior, agency, and vicarious liability.

33.    As a business conducting its affairs within the United States generally, and Wisconsin specifically, Clarity is deemed to know what is lawful and what is unlawful under US and Wisconsin law. *Barlow v. United* States, 8 L. Ed. 728 (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins v. Parker,* 472 U.S. 115, 130 (1985)("all citizens are presumptively charged with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d 447, 458 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

## IV.  FACTUAL ALLEGATIONS

34.   At all relevant times, Cheryl Shockley was in need of money to pay for her basic needs, including food, clothing, housing, home furnishings, utilities, and to pay existing debts.  Her income at all relevant times was limited, and she had few, if any, options for credit.

35.   Given her lack of choice of lenders, Cheryl Shockley approached various short term, high interest lenders to arrange or obtain short term loans.

36.   Cheryl Shockley also began obtaining copies of her consumer credit reports as maintained by both nationwide and speciality credit reporting agencies, and has retained the services of at least one credit monitoring service.

37.   In a letter dated and mailed March 9, 2021, Cheryl Shockley ordered and requested a copy of her consumer credit report from Clarity.

38.   The letter ordering Cheryl Shockley's consumer credit report requested - to the fullest extent allowed or required by law - identification of the **sources of the information** in the report, including the true, correct and accurate legal name, true, correct and accurate trade name, the true, correct and accurate US mail, e-mail and website addresses, and true, correct and accurate phone number of all such persons and companies that furnished information to Clarity, and what information they furnished about Cheryl Shockley.

39.     The letter ordering Cheryl Shockley's consumer credit report requested - to the fullest extent
        allowed or required by law - **identification of each and every person or company that**
        **accessed any information** contained in the report in the past year, requested identification
        of the true, correct and accurate legal name, the true correct and accurate trade name, the true
        correct and accurate US mail, e-mail and website addresses, requested identification of the
        true correct and accurate phone number of all such persons and companies, and requested
        identification of  what information Clarity shared from my Cheryl Shockley's consumer
        credit report.

40.     The letter ordering Cheryl Shockley's consumer credit report requested disclosure of Cheryl
        Shockley's **credit score** as maintained by Clarity.

41.     The letter ordering Cheryl Shockley's consumer credit report was sent to the mailing address
        that Clarity designated as the address to send such a request, and was received on March 11,
        2021.  Clarity designated that mailing address on its website as required by 12 C.F.R. §
        1022.137 (a)(1)(i - iii).

42.     By operation of 15 U.S.C. § 1681j(a)(2), Clarity was required to forward a copy of Cheryl
        Shockley's consumer credit report to her or her agent within 15 days of its receipt of Cheryl
        Shockley's request.

43.     On March 18, 2021, Clarity mailed a copy of Cheryl Shockley's consumer credit report to
        Cheryl Shockley.

44.     The March 18, 2021 Clarity consumer credit report **did not** disclose the full name of the
        entities who reported transactional information about Cheryl Shockley.

–8–

45.  The March 18, 2021 Clarity consumer credit report **did not** disclose the full name of the

entities who accessed information about Cheryl Shockley contained in her consumer credit

file.

46.  The March 18, 2021 Clarity consumer credit report **did not** disclose the credit score Clarity

assigned to Cheryl Shockley.

47.  On May 5, 2021, Shockley wrote Clarity, again asking for full identification of the entities

who reported transactional information about Shockley, full identification of the entities who

accessed information about Cheryl Shockley, and disclosure of her credit score as maintained

by Clarity.

48.  Clarity did not respond to the May 5, 2021 request.

49.  The information assembled by Clarity constitutes a "consumer report" under the FCRA, as

the information is used for and bears "on a consumer's credit worthiness, credit standing,

credit capacity, character, general reputation personal characteristics or mode of living ..."

15 U.S.C. § 1681a(d)(1).

50.  The information assembled by Clarity constitutes a "consumer report" under the FCRA, as

the information is assembled and is used "for the purpose of furnishing consumer reports to

third parties ..."  15 U.S.C. § 1681a(d)(1).

51.  Clarity is a "consumer reporting agency" under the FCRA, as "for monetary fees" Clarity

"regularly engages in ... the practice of assembling or evaluating consumer credit information

or other information on consumers ..."  15 U.S.C. § 1681a(f).

52.    The information about Cheryl Shockley, held by and released by Clarity to Cheryl Shockley, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

53.    The information about Cheryl Shockley, requested by and obtained by various entities including Credit Ninja, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

54.    Clarity creates, generates and produces consumer credit reports on a regular basis, and derives the information in these reports from large amounts of information it collects and maintains on individuals like Cheryl Shockley in a data base called a consumer file.

55.    For example, the consumer credit report produced by Clarity on March 18, 2021 and mailed to Shockley runs 50 pages, and is full of vast amounts of personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to her name, address, and social security number, as well as her financial transaction history.

56.    When Cheryl Shockley obtained her Clarity consumer credit report, she learned that Credit Ninja had accessed her Clarity consumer credit report and file - either in full or in part - 14 times between May 3, 2019 and Aug. 3, 2020.

57.    Each time Credit Ninja accessed Cheryl Shockley's Clarity consumer credit report, it obtained her personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to her name, address, and social security number, as well as her credit score and financial transaction history.

58.    After receiving Cheryl Shockley's PII and PFI from Clarity, Credit Ninja forwarded Cheryl Shockley's PII and PFI to various high interest lenders.

59.   When Credit Ninja forwarded Cheryl Shockley's PII and PFI to various high interest lenders, it did so in an effort to arrange or obtain a loan for Cheryl Shockley with these lenders and others, for which Credit Ninja was compensated.

60.   By forwarding Cheryl Shockley's PII and PFI to various high interest lenders in pursuit of a loan for Cheryl Shockley, for compensation, Credit Ninja acted as a CSO.

61.   Credit Ninja received compensation from these high interest lenders for forwarding Cheryl Shockley's PII and PFI

62.   When Credit Ninja forwarded Cheryl Shockley's PII and PFI to various lenders, it received money solely for referring Cheryl Shockley to those lenders for the purpose of an extension of credit.

63.   When Credit Ninja forwarded Cheryl Shockley's PII and PFI to various lenders, the credit available to Cheryl Shockley from those lenders was upon substantially the same terms as is credit that is available to the general public.

64.   When Credit Ninja forwarded Cheryl Shockley's PII and PFI to various lenders, Credit Ninja was not registered to arrange or obtain credit for Cheryl Shockley from any lender, as required by Wis. Stat. § 422.502.

65.   When Credit Ninja forwarded Cheryl Shockley's PII and PFI to various lenders, it operated a fraud or deception on Shockley and those lenders in connection with the offer or sale of the services of a CSO, as Credit Ninja was not registered to do so.

66.    By operation of Wisconsin law. Credit Ninja's acts implicate the remedies of Wis. Stat. §
       425.305, rendering the referral transactions and all activity relating to them void, and
       entitling Shockley to recover from Credit Ninja all amounts paid by the various lenders to
       Credit Ninja.

67.    Shockley's agent wrote Credit Ninja on March 29, 2021 and again on April 30, 2021,
       requesting among other things that Credit Ninja provide information and documentation
       about its activities and accounts relating to Cheryl Shockley.

68.    Credit Ninja did respond to these requests, asserting that it had no records relating to Cheryl
       Shockley.

69.    Cheryl Shockley's consumer credit report, as well as information contained within it, was
       forwarded by Credit Ninja - for compensation -  to unknown third parties.

70.    Both Clarity and Credit Ninja are required by state and federal law including the FCRA to
       adopt and maintain procedures designed to both protect consumer credit information and to
       limit its obtainment as well as its dissemination  to proper parties.

71.    Neither Clarity nor Credit Ninja have adopted nor maintained procedures adequately
       designed to both protect consumer credit information and to limit its obtainment as well as
       its dissemination  to proper parties.

72.    Both Clarity and Credit Ninja are prevented by state and federal law including the FCRA
       from releasing Cheryl Shockley's consumer credit report to third parties absent a permissible
       purpose under the FCRA, 15 U.S.C. § 1681b(a)(1 through 6).

73.    None of the circumstances listed in 15 U.S.C. § 1681b(a)(1 through 6) are present here, as, there is no "credit transaction" or "credit application" initiated by Cheryl Shockley, and no "business transaction" was initiated by Cheryl Shockley.

74.    The initiation of a "credit transaction" or "credit application" or "business transaction" by a third party is not a permissible purpose under the FCRA.

75.    Credit Ninja is required by the FCRA to adopt and maintain procedures designed to limit and restrict its access to consumer credit information, except where a permissible purpose to access the information exists.  15 U.S.C. § 1681b(f).

76.    Contrary to its duties under 15 U.S.C. § 1681b(f), Credit Ninja unlawfully retrieved a complete copy of Cheryl Shockley's consumer credit report and file as maintained by Clarity, and did so multiple times.

77.    The referenced inquiries have become a permanent component of Cheryl Shockley's credit report and is reported to those who ask to review the credit history of Cheryl Shockley.

78.    Credit Ninja agreed and represented in its agreements with the various credit reporting agencies that Credit Ninja would request and use consumer reports which were obtained from said agencies only for purposes which are lawful under the FCRA as defined under §1681b.

79.    Credit Ninja is and was required by §§ 1681b, 1681n, and 1681q to refrain from obtaining consumer reports from credit reporting agencies under false pretenses, or without a legal basis.

80.    At no time material hereto did Cheryl Shockley ever have a relationship with Credit Ninja, or Clarity of the kind specified under §1681b(a)(3)(A) - (F).

81.     Cheryl Shockley has never knowingly given written instructions to Credit Ninja or Clarity to obtain and/or release to a third party a consumer report of which Cheryl Shockley was the subject.

82.     Neither Credit Ninja, nor Clarity have ever been ordered by a court of competent jurisdiction to obtain a copy of Cheryl Shockley's consumer credit report pursuant to § 1681b(1).

83.     Credit Ninja and Clarity each have an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer reports.

84.     Reasonable procedures for users include restricting the ability of Credit Ninja and Clarity's agents, contractors, and employees to obtain consumer reports on consumers for any impermissible purpose.

85.     Credit Ninja and Clarity's illegal, unlawful, and impermissible creation, dissemination, acquisition and / or redisclosure of Cheryl Shockley's consumer credit report violates Cheryl Shockley's privacy rights under the FCRA.

86.     Credit Ninja and Clarity's actions have impaired Cheryl Shockley's future access to credit.

87.     As a result of the acts alleged above, Cheryl Shockley has suffered and is entitled to recover damages.

## V. CAUSES OF ACTION

### COUNT 1.    WISCONSIN CONSUMER ACT

88.    Cheryl Shockley repeats and realleges the above paragraphs.

89.    Credit Ninja violated the Wisconsin Consumer Act.  Credit Ninja's violations include, but

are not limited to the following:

> (A)    Prohibited practices/unlicensed CSO activity
>
> Credit Ninja violated Wis. Stat. § 422.501 by acting as a CSO in
> Wisconsin without the legal authority to do so.
>
> (B)    Prohibited practices/unlicensed CSO activity
>
> Credit Ninja violated Wis. Stat. § 422.501 by acting as a CSO as to
> a Wisconsin resident without the legal authority to do so.
>
> (C)    Prohibited practice/unlawful CSO activity
>
> Credit Ninja violated Wis. Stat. §§ 422.502 by attempting to arrange
> or obtain an extension of credit for Shockley, on substantially the
> same terms as is credit that is available to the general public.
>
> (D)    Prohibited practice/unlawful CSO activity
>
> Credit Ninja violated Wis. Stat. §§ 422.502 by attempting to arrange
> or obtain an extension of credit for Shockley, while operating a fraud
> or deception on Shockley and those lenders in connection with the
> offer or sale of the services of a CSO.

90.    As a result of the above violations of the Wisconsin Consumer Act, Credit Ninja is liable to

Cheryl Shockley in the sum of her actual damages, punitive damages, statutory damages,

payment disgorgement, costs, disbursements and reasonable attorney's fees, as well as

corresponding declaratory and injunctive relief.

## COUNT 2.  FAIR CREDIT REPORTING ACT

91.    Cheryl Shockley incorporates by reference all the foregoing paragraphs.

92.    Credit Ninja  willfully and/or negligently violated provisions of the Fair Credit Reporting
       Act.  Credit Ninja's violations include, but are not limited to the following:

    (a)    Credit Ninja violated 15 U.S.C. §1681b by willfully and/or
       negligently accessing Cheryl Shockley's credit file without a
       permissible purpose under the Act.

93.    Clarity  willfully and/or negligently  violated provisions of the Fair Credit Reporting Act.
       Clarity's violations include, but are not limited to the following:

    (a)    Clarity  violated 15 U.S.C.  §1681g(a)(1-6) by willfully and/or
       negligently failing to provide and disclose to Cheryl Shockley, a
       complete copy of her consumer credit report and the information in
       her consumer credit file, within 15 days of her request.

    (b)    Clarity violated 15 U.S.C. §1681a by willfully and/or negligently
       releasing information from Cheryl Shockley's consumer credit file
       and her consumer credit report to Credit Ninja, where Credit Ninja
       had no permissible purpose under the FCRA to access or receive such
       information.

94.    As a result of the above violations of the FCRA, Credit Ninja is liable to Cheryl Shockley
       in the sum of Cheryl Shockley's actual damages, statutory punitive damages, costs,
       disbursements, and reasonable attorney's fees.

95.    As a result of the above violations of the FCRA, Clarity is liable to Cheryl Shockley in the
       sum of Cheryl Shockley's actual damages, statutory punitive damages, costs, disbursements,
       and reasonable attorney's fees.

## COUNT 3.    WISCONSIN'S PRIVACY STATUTE

96.    Cheryl Shockley incorporates by reference all the foregoing paragraphs.

97.    The information concerning Cheryl Shockley, as contained in the consumer credit report maintained by Clarity, includes non public PII such as Cheryl Shockley's social security number, and further includes non public personal financial information ("PFI") such as her banking information, and her credit score.

98.    The information concerning Cheryl Shockley, as contained in the consumer credit report maintained by Clarity, is private, and is of a highly personal nature.

99.    Similar information concerning any reasonable person of ordinary sensibilities, would also be considered private and of a highly personal nature.

100.   The unlawful accessing of that information by Credit Ninja is highly offensive to Cheryl Shockley.

101.   The unlawful re disclosure of that information by Credit Ninja is highly offensive to Cheryl Shockley.

102.   Any unlawful accessing and re disclosure of similar information of any reasonable person of ordinary sensibilities, would be highly offensive to any such person.

103.   Credit Ninja acted unreasonably and recklessly in accessing, as well as subsequently re disclosing, Cheryl Shockley's information including PII and PFI about Cheryl Shockley.

104.  While Cheryl Shockley's PII and PFI were not disclosed to the general public, Cheryl Shockley's PII and PFI were disclosed to an audience that includes companies that Cheryl Shockley has never contracted with, companies that Cheryl Shockley has never authorized to receive such information, and companies that  Cheryl Shockley has no control over including potentially companies based and operating outside the United States and Wisconsin, and outside the jurisdiction of United States and Wisconsin courts.

105.  Credit Ninja willfully and/or recklessly violated Wis. Stat. § 995.50(2)(a & c), including its prohibition on accessing and then re disclosing Cheryl Shockley's PII and PFI.

106.  As a result of the above violations of Wis. Stat. § 995.50, Credit Ninja is liable to Cheryl Shockley in the sum of Cheryl Shockley's actual damages, costs, disbursements, and reasonable attorney's fees, along with any appropriate injunctive relief.

## COUNT 3.      DECLARATORY AND INJUNCTIVE RELIEF

107.  Cheryl Shockley repeats, re alleges, and incorporates by reference all paragraphs above.

108.  A bona fide dispute exists between Cheryl Shockley and Credit Ninja with regard to Credit Ninja's violations of Cheryl Shockley's privacy rights under Wis. Stat. § 995.50.

109.  Credit Ninja's violations of Cheryl Shockley's privacy rights under State and Federal law are material, as these violations will effect Cheryl Shockley's credit score, his sense of peace and security, and will likely expose Cheryl Shockley to identify theft.

110.  The issuance of a declaratory judgement by this court would serve to identify with specificity that Credit Ninja has violated Cheryl Shockley's legal rights under Wis. Stat. § 995.50.

111.  Cheryl Shockley is entitled to a determination that Credit Ninja has violated Wis. Stat. § 995.50.

112.   Pursuant to Wis. Stat. § 995.50(1)(a), Cheryl Shockley is entitled to an order permanently

enjoining Credit Ninja from further re disclosing Cheryl Shockley's PII and PFI, an order

directing Credit Ninja to destroy the PII and PFI it currently holds, and an order directing

Credit Ninja to disclose those parties to whom Credit Ninja has sold or shared or redisclosed

Cheryl Shockley's PII and PFI.

113.   Cheryl Shockley is also entitled to any and all corresponding injunctive relief.


## VI.  REQUEST FOR RELIEF

114.   **WHEREFORE**, Cheryl Shockley respectfully requests that Judgment be entered as follows:

**Count 1 - as to Credit Ninja only:**

    (a)    plaintiff's actual damages;

    (b)    A rescission or voidance of the loan referral contracts and disgorgement of all payments made to Credit Ninja by the lenders to whom it sent Shockley's PII and PFI;

    (c)    $25.00 statutory damages per violation, pursuant to Wis. Stat. § 425.302;

    (d)    $100.00 statutory damages per violation, pursuant to Wis. Stat. § 425.303;

    (e)    $1,000.00 statutory damages per violation, pursuant to Wis. Stat. § 425.304;

    (f)    punitive damages;

    (g)    Costs and reasonable attorney's fees, pursuant to Wis. Stat. § 425.308;

    (h)    injunctive and declaratory relief; and,

    (i)    Such other and further relief as the court deems just and equitable.

**Count 2 - as to both Credit Ninja and Clarity.**

    (a)    actual damages;

    (b)    punitive damages;

    (c)    statutory damages of $1,000.00 per violation;

    (d)    costs and reasonable attorney's fees; and

    (e)    such other and further relief as the court deems just and equitable.

**Count 3 - as to both Credit Ninja and Clarity**

    (a)    actual damages;

    (b)    punitive damages;

    (c)    declaratory and injunctive relief:

    (d)    costs and reasonable attorney's fees; and

    (e)    such other and further relief as the court deems just and equitable.

**Count 4 - as to both Credit Ninja and Clarity**

    (a)    declaratory and injunctive relief:

    (b)    costs and reasonable attorney's fees; and

    (c)    such other and further relief as the court deems just and equitable.

## VII.  DEMAND FOR TRIAL BY JURY

115.    Cheryl Shockley hereby demands that, to the extent provided by the United States and

Wisconsin Constitutions, United States and Wisconsin Statutes, and United States and

Wisconsin Common Law,  these claims be determined by a jury of her peers.


Dated: May 17, 2021                        electronically signed by Eric Crandall
                                           Eric Leighton Crandall, Esq.
                                           **CRANDALL LAW FIRM, S.C.**
                                           421 West Second Street
                                           PO Box 27
                                           New Richmond, WI 54017
                                           715-243-9996 (p)
                                           WisconsinConsumerLaw@frontier.com
                                           Wis. Atty. Lic. No. 1001833

                                           **ATTORNEY FOR PLAINTIFF**
                                           **CHERYL SHOCKLEY**

**STATE OF WISCONSIN**  |  **CIRCUIT COURT**  |  **DOUGLAS**

Cheryl Shockley vs. KMD Wisconsin LLC et al

FILED
05-17-2021
Clerk of Court
Douglas County, WI
2021CV000115

**Electronic Filing
Notice**

Case No. 2021CV000115
Class Code: Money Judgment

---

KMD WISCONSIN LLC
SUITE 2200
222 SOUTH RIVERSIDE PLAZA
CHICAGO IL 60606

Case number 2021CV000115 was electronically filed with/converted by the Douglas County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a $20.00 fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 170106**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-395-1203.

Douglas County Circuit Court
Date: May 19, 2021

---

FILED
05-17-2021
Clerk of Court
Douglas County, WI
2021CV000115

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **COUNTY OF DOUGLAS**

Cheryl Shockley,                                          Case No. 2021-CV-_____

        Plaintiff,

vs.

KMD Wisconsin, LLC,
  d/b/a Credit Ninja, and
Clarity Services, Inc.,

       Defendants.

---

## SUMMONS

---

### THE STATE OF WISCONSIN
### TO EACH PERSON OR ENTITY NAMED ABOVE AS A DEFENDANT

You are hereby notified that the Plaintiff named above have filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within **twenty (20) days** of receiving this summons, you must respond with a written answer to the complaint, as the term is used in chapter 802 of the Wisconsin Statutes. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be electronically filed, or sent or delivered to the court, whose address is

Clerk of Circuit Court,
Douglas County Courthouse,
1313 Belknap Street,
Superior, Wisconsin 54880,

-1-

and a copy sent or delivered to Plaintiff's attorney, whose address is

Eric L. Crandall, Esq.,
Crandall Law Firm, SC,
421 West Second Street,
PO Box 27,
New Richmond, WI 54017

You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

DATED: May 17, 2021

Electronically signed by Eric Crandall
Eric L. Crandall, Esq.
**CRANDALL LAW FIRM, SC**
421 West Second Street
PO Box 27
New Richmond, WI 54017
715-243-9996 (p)
WisconsinConsumerLaw@frontier.com
Wis. Attorney Lic. No. 1001833

**ATTORNEY FOR PLAINTIFF**

FILED
05-17-2021
Clerk of Court
Douglas County, WI
2021CV000115

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **COUNTY OF DOUGLAS**

---

Cheryl Shockley,                                      Case No. 2021-CV-_____

        Plaintiff,

vs.

KMD Wisconsin, LLC,
  d/b/a Credit Ninja, and
Clarity Services, Inc.,

        Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I. INTRODUCTION

1.    This is an action brought by Cheryl Shockley ("Shockley") seeking redress for violations of the Wisconsin Consumer Act ("Consumer Act" or "WCA") committed by KMD Wisconsin, LLC, d/b/a Credit Ninja ("Credit Ninja"). Shockley also seeks redress for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ( "FCRA"), and Wisconsin's Privacy statute, Wis. Stat. § 995.50, committed by both Credit Ninja, and by Clarity Services, Inc. ("Clarity"). Shockley seeks recovery of actual, statutory and punitive damages, her reasonably incurred costs and attorney fees, as well as declaratory and injunctive relief.

### II. JURISDICTION

2.    Jurisdiction of this court arises under Wis. Stat. § 421.201-203 (WCA jurisdiction) and Wis. Stat. § 801.04 (general), as well as 15 U.S.C. §1681p (FCRA).

3.    Venue is appropriate under Wis. Stat. § 421.401 (WCA venue) and Wis. Stat. § 801.50 (venue).